(106 So. 680)

### LYNCH v. STATE.  (6 Div. 743.)

(Court of Appeals of Alabama. Dec. 15, 1925.)

1. **Intoxicating liquors** ⬅️198—**Affidavit held sufficient to charge offense.**

   In prosecution for violating the prohibition law, affidavit *held* sufficient to charge offense.

2. **Intoxicating liquors** ⬅️198—**Judge of inferior court of Bessemer may take affidavit in liquor prosecution, and issue warrant returnable to circuit court of Jefferson county.**

   Under Loc. Acts 1923, p. 44, § 5, judge of inferior court of Bessemer, in prosecution for violating prohibition law, may take affidavit as to charge, and issue warrant returnable to circuit court of Jefferson county.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

William E. Lynch was convicted of violating the prohibition law, and he appeals. Affirmed.

The affidavit upon which defendant was tried is as follows:

"Personally appeared before me, the undersigned authority, in and for said county in said state, G. W. Scrimscher, who, being duly sworn, says:

"First. That affiant has probable cause for believing, and affiant does believe, that William E. Lynch, whose name is otherwise unknown to affiant within 12 months before the making of this affidavit, in the said county, did sell, offer for sale, keep for sale, barter, exchange, give away, or otherwise dispose of prohibited liquor or beverages, contrary to law.

"Second. And affiant further says that affiant has probable cause for believing, and affiant does believe, that William E. Lynch, whose name is otherwise unknown to affiant, within 12 months before the making of this affidavit, and subsequent to January 25, 1919, in said county, did keep, or have in his possession, or receive or possess spirituous, vinous, or malt liquors, or other prohibited alcoholic liquor or beverage, contrary to law, against the peace and dignity of the state of Alabama.

"G. W. Scrimscher.

"Subscribed and sworn to before me this 24th day of March, 1924.    W. Frank Ball,

"Judge of Inferior Court of Bessemer."

Benton & Bentley, of Bessemer, for appellant.

Harwell G. Davis, Atty. Gen., for the State.

Briefs of counsel did not reach the Reporter.

---

SAMFORD, J. [1] The affidavit is sufficient to charge the offense of which defendant was convicted.

[2] Under section 5, Local Acts 1923, p. 43, the judge of the inferior court of Bessemer may, in cases such as is here considered, take affidavit as to the charge, and issue warrant returnable to the circuit court of Jefferson County. The demurrer to the complaint is overruled.

We find no error in the record, and the judgment is affirmed.

Affirmed.